**Veronica LEWIS, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 85–2043.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1986.

Decided Sept. 17, 1986.

Rehearing and Rehearing En Banc Denied Nov. 13, 1986.

Paul A. Levy, Washington, D.C., for petitioner.

Linda Dreeben, NLRB, Washington, D.C., for respondent.

Before JOHN R. GIBSON, WOLLMAN, Circuit Judges, and HARRIS, Senior District Judge.*

OREN HARRIS, Senior District Judge.

Veronica Lewis filed this petition for review subsequent to the dismissal of her unfair labor practice complaint by the National Labor Relations Board.[1] In her complaint Lewis alleged that her employer, Spann Building Maintenance Company, violated Section 8(a)(1) of the National Labor Relations Act by discharging her in retaliation for the exercise of her rights under the collective bargaining agreement.

Lewis was employed as a cleaning services worker at the Meramec Building in St. Louis, Missouri, by Spann. In January, 1983, Spann implemented a reduction in force at the Meramac. Lewis was among the employees effected by this reduction, notwithstanding her status as the second ranking senior employee at the Meramec. The union contract contained an express provision which protected employees on a seniority basis. She was offered a transfer to another location, West Port Plaza, where Spann performed like services. Lewis refused the offer to transfer, initially citing her lack of reliable transportation. She later attempted to invoke the contractual protections.

Lewis and another employee confronted her supervisor in regard to the proposed transfer, in the Meramec building. Following a loud exchange, both Lewis and the co-employee were suspended. On Febru-

* The Honorable Oren Harris, Senior District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. In its opinion the Board dismissed the complaint but retained jurisdiction over the matter for the limited purpose of entertaining any subsequent motion for further consideration upon a showing that (1) the employer is resisting or impeding prompt processing of the grievance filed on Lewis' behalf, or (2) the grievance or arbitration procedures have not been fair and regular or have reached a result that is repugnant to the National Labor Relations Act.

ary 4, 1983, Lewis was terminated for improper conduct and use of abusive language.

The union filed a grievance on behalf of Lewis. The contract established a three-step grievance procedure culminating in arbitration, at the option of the union. The Lewis grievance proceeded through the first and second steps in the procedure without settlement of the dispute. The union, in accordance with the terms of the agreement, notified Spann of its desire to arbitrate the grievance, and twice requested that an arbitrator be selected.

There ensued negotiations concerning settlement of the grievance, with Spann offering reinstatement without backpay or seniority to Lewis. This offer was rejected. The union, through internal decision, determined that the purposes of the grievance of procedure had been satisfied by the offer of reinstatement and therefore it would not pursue arbitration. However, this decision was not communicated to Spann. Neither did the union withdraw its request for selection of an arbitrator nor the grievance filed on behalf of Lewis. Thereafter, Lewis filed her unfair labor practice charge with the NLRB.

The Board reviewed the matter and issued its opinion that the contentions raised by Lewis' complaint could be resolved under the grievance and arbitration provision of the collective bargaining agreement. The Board found that the union had invoked the procedures on Lewis' behalf and that the contractual process had not been completed. Thereupon, the Board, under the policy reaffirmed in *United Technologies Corp.*, 268 NLRB 557 (1984), concluded that it must defer to the contractual procedures which had been invoked and dismissed the complaint.

The issue on appeal is whether the Board acted within its discretion in deferring action upon Lewis' claim of an unfair labor practice pending the completion of the grievance-arbitration procedure invoked on her behalf by the union as provided in the collective bargaining agreement between Spann and the union.

In the *United Technologies* decision, the Board stated:

It is fundamental to the concept of collective bargaining that the parties to the collective bargaining agreement are bound by the terms of their contract. Where an employer and a union have voluntarily elected to create dispute resolution machinery culminating in final and binding arbitration, it is contrary to the basic principles of the Act for the Board to jump into the fray prior to an honest attempt by the parties to resolve their disputes through that machinery. For dispute resolution under the grievance-arbitration process is as much a part of collective bargaining as the act of negotiating the contract. [footnote omitted]. In our view, the statutory purpose of encouraging the practice and procedure of collective bargaining is ill-served by permitting the parties to ignore their agreement and to petition this Board in the first instance for remedial relief. [Ibid.]

268 NLRB at 559; Board decision at page 4.

The Board expressed that the "core concept" of *United Technologies* is "where contractual grievance-arbitration procedures have been invoked voluntarily, we shall stay the exercise of the Board's processes in order to permit the parties to give full effect to those procedures." 268 NLRB at 560, fn. 17; Board's decision at page 4.

The union, with Lewis' knowledge and consent, commenced the arbitration-grievance process. This procedure has yet to run its full course. While the in-house decision was made by the union to not pursue the arbitration, this was not communicated to Spann prior to commencement of this action. The demand for arbitration has not been withdrawn, and remains of record at this time.

■ This Court reviews the decisions of the Board under the abuse of discretion standard. The appellate court yields to the Board's reasonable interpretations and ap-

plications of the Act. *NLRB v. Action Automotive, Inc.*, 469 U.S. 490, 105 S.Ct. 984, 83 L.Ed.2d 986 (1985).

■ Although the Board has the authority to adjudicate the matter in dispute here, it is within the Board's discretion to decline to exercise that authority when the purposes and the fundamental aims of the Act are served by deferral. Encouragement of dispute resolution under the collective bargaining agreement through arbitration is a fundamental aim of the Act and is a matter of public policy. 29 U.S.C. §§ 151, 173(d).

■ The deferral policy is a proper and reasonable exercise of the discretion of the Board where the proceeding appears to have been fair and regular, all parties have agreed to be bound, and the decision is not clearly repugnant to the Act. *Carey v. Westinghouse*, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1964), citing *Spielberg Mfg. Co.*, 112 NLRB 1080 (1955).

■ Deferral in this case meets these requirements. While the contractual proceeding has not brought about a full resolution of the issues presented, the matter remains to be decided under the agreed-upon dispute resolution procedure. The matter has not "run its course". There has never been a formal withdrawal of the arbitration request. Until such request is withdrawn or the matter proceeds through arbitration, the matter is not final.

As found in the District of Columbia Circuit in *Associated Press v. NLRB*, 492 F.2d 662 (D.C.Cir.1974), without the doctrine of deferral, "the parties would be encouraged to circumvent grievance and arbitration procedures for which they had contracted whenever they felt they had a better chance for favorable resolution by quickly filing an unfair practice charge before the Board." 492 F.2d at 668.

Although Lewis asserts that her interests are adverse or contrary to those of the union, i.e. the in-house decision to not proceed with the grievance, this Court is of the opinion that her voluntary invocation of the contractual dispute resolution mechanism and the union's active role in negotiating for favorable treatment are factors which militate in favor of deferral. The Board acknowledges that in certain cases the union's interests are not compatible with the employee's interest, thus, deferral is not proper. However, the Board's decision here is reasonable. These interests are not competing, but, rather, harmonious.

Additionally, the Board's retention of jurisdiction over the matter for the specified reasons provides protection to Lewis' individual rights under the collective bargaining agreement. Therefore, she will not be denied her statutory rights if the agreement procedures fail to function in a manner consistent with the Act based upon the Board's retention of jurisdiction. The remedial powers of the Board shall be available to rectify any result repugnant to or inconsistent with the Act. However, the Court finds that the matter should be remanded for further consideration of the extent and propriety of the retention of jurisdiction by the Board.

Lewis contends that the Board's retention of jurisdiction is limited by its terms to only instances where Spann resists or impedes arbitration. There is concern over whether this retention of jurisdiction applies likewise to the conduct of the Union in the arbitration proceeding. This issue should be resolved upon remand.

In summary, this Court finds that the deferral policy of the Board was reasonably and properly exercised in this matter and the Board acted within its discretion in deferring to the dispute resolution procedures contained in the collective-bargaining agreement in dismissing the complaint of the petitioner Veronica Lewis. Therefore, the petition for review is denied. The case is remanded to the Board to consider the limited issue of the propriety and extent of the Board's retention of jurisdiction.